# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

LEONARD W. HILL,

          Petitioner,

    v.

BRIAN WILLIAMS, et al.,

          Respondents.

Case No. 2:17-cv-00155-APG-VCF

**ORDER**

     The respondents have filed a motion to dismiss (ECF No. 32) the petitioner's first amended petition for writ of habeas corpus (ECF No. 21). Because the petitioner has not exhausted his state-court remedies for ground 1 and part of ground 5, I grant the motion to dismiss in part.

**I.    Background**

     After the first jury trial, petitioner Leonard Hill was convicted of first-degree murder. Ex. 71 (ECF No. 33-21). Hill appealed. The Supreme Court of Nevada reversed and remanded for a new trial, in part because a change in an expert's testimony violated both state law and fundamental notions of fairness. Ex. 85 (ECF No. 33-35). After the second jury trial, Hill again was convicted of first-degree murder. Ex. 102 (ECF No. 34-16). Hill appealed and the Supreme Court of Nevada affirmed. Ex. 44 (ECF No. 28-3).

     Hill then filed a post-conviction habeas corpus petition in state district court. Ex. 45 (ECF No. 28-4). The state district court appointed counsel, who filed a supplement. Ex. 46 (ECF No.

28-5).  The state district court denied the petition. Ex. 48 (ECF No. 28-7).  Hill appealed again and the Nevada Supreme Court affirmed. Ex. 50 (ECF No. 28-9).

Hill then commenced this action with his initial, proper-person petition. ECF No. 8.  The court appointed counsel, who filed the amended petition. ECF No. 21.

## II.    Exhaustion

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b).  To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings *specifically* as federal claims.  In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), *amended*, 247 F.3d 904 (9th Cir. 2001).  Citation to state case law that applies federal constitutional principles will also suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (*en banc*).  "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion.  Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

**A.    Hill has not exhausted ground 1**

Ground 1 and the corresponding preceding claims in the state courts concern a change in testimony by Dr. Alane Olson.  She performed the autopsy on the victim Martin and provided expert testimony on the length of time that strangulation causes unconsciousness and then death. At all times, she testified that strangulation causes unconsciousness after 10 to 15 seconds of impeding the blood flow to the brain.  At the preliminary hearing, she testified that strangulation causes death after 1 to 2 minutes of continuously impeding the blood flow to the brain. Ex. 2, at 11 (ECF No. 22-2, at 4).  At the first trial, she testified that strangulation causes death after 3 to 4 minutes of continuously impeding the blood flow to the brain. Ex. 9, at 71 (ECF No. 23-4, at 75). She explained that research between the preliminary hearing and trial led her to modify her conclusions. *Id.* at 80-81, 82-85 (ECF No. 23-4, at 84-85, 86-89).  Dr. Olson's testimony at the second trial was the same as her testimony at the first trial. See Ex. 26, at 93 (ECF No. 26-1, at 94).

The claim that is now ground 1 has changed through the course of litigation.  On appeal from the first trial, Hill argued that the prosecution violated both state law regarding disclosure of expert testimony and federal constitutional protections against concealment of evidence. Ex. 77, at 10-14 (ECF No. 33-27, at 21-25).  The Supreme Court of Nevada agreed, reversed the judgment of conviction, and remanded for a new trial.[1] Ex. 85 (ECF No. 33-35)

On appeal from the second trial, the claim changed.  The claim now had two parts.  First, Hill argued that the prosecution failed to disclose information to the defense.  That information

---

[1] That court also held that the state district court erred in admitting the testimony of a crime scene analyst about the general nature of defensive wounds because the prosecution's expert-witness notice of that witness stated only that he would testify as an expert in crime scene analysis. Ex. 85, at 4-5 (ECF No. 33-35, at 5-6).

was a pamphlet from a continuing medical education conference that Dr. Olson attended.  The

pamphlet discussed a case of a person who died by hanging and how long it took that person to

die. Ex. 42, at 9-10 (ECF No. 28-1, at 17-18).  Second, Hill argued that the pamphlet, and the

event it described, was not an adequate foundation for changing her opinion, that the scientific

community had no universally accepted time period for how long it takes death by strangulation

to occur, and thus Olson's testimony was unreliable, unhelpful, and prejudicial. *Id*. at 9, 10-12

(ECF No. 28-1, at 17, 18-21).  Hill did not cite any provision of the constitution or laws of the

United States in this part of the opening brief.  In the reply brief, Ex. 43 at 1 (ECF No. 28-2, at

8), Hill included the following quotation:

> Due process does not require simply the disclosure of "exculpatory" evidence.
> Evidence also must be disclosed if it provides grounds for the defense to attack
> the reliability, thoroughness, and good faith of the police investigation or to
> impeach the credibility of the State's witnesses. *See* [*Kyles v. Whitley*, 514 U.S.
> 419,] 442 n. 13, 445-51, 115 S. Ct. 1555 [(1995)].

*Lay v. State*, 14 P.3d 1256, 1262 (Nev. 2000).  The Supreme Court of Nevada rejected the claims

summarily. Ex. 44, at 3 n.3 (ECF No. 28-3, at 4).

Ground 1 of the original, proper-person petition before this court was a photocopy of

Hill's opening brief on appeal from the second trial. ECF No. 8, at 3-29.  The claim regarding Dr.

Olson's testimony thus was the same as what he presented on direct appeal from the second trial.

In ground 1 of the counseled first amended petition, the claim has changed again.  Hill no

longer claims that the prosecution failed to disclose the change in Dr. Olson's testimony or the

pamphlet.[2]  Hill now argues only that the trial court erred in admitting Dr. Olson's testimony

---

[2] Indeed, in ground 7(A), Hill claims that trial counsel provided ineffective assistance because
trial counsel did not obtain a copy of the pamphlet until a week before the trial even though the
prosecution offered to provide the pamphlet as soon as the prosecution had it in its possession.

because it was unreliable and prejudicial, in violation of the Fifth, Sixth, and Fourteenth

Amendments.

I agree with the respondents that ground 1, as Hill presents the claim now to this court, is

not exhausted. In the opening brief on appeal from the second trial, Hill did not cite any

provision of federal law; he cited only state statutes and state-court decisions. *See* Ex. 42, at 9-13

(ECF No. 28-1, at 17-21). Hill used terms such as "due process" and "fair trial." Those phrases

alone, without reference to federal constitutional provisions, are insufficient to fairly present an

issue of federal law to the state court. *Hiivala*, 195 F.3d at 1106. Hill argues that in the direct

appeal reply brief he quoted *Lay v. State*, 14 P.3d at 1262, which in turn quoted *Kyles v. Whitley*,

514 U.S. 419 (1995). *Kyles* interprets the Constitution, but only regarding required disclosure of

evidence to a defendant. Ground 1 now has no claim that the prosecution failed to disclose

evidence to Hill. *Kyles* and the earlier decision that it interprets, *Brady v. Maryland*, 373 U.S. 83

(1963), have nothing to do with whether an expert witness's testimony violates constitutional

norms of fundamental fairness. The citation to *Lay*, and its internal citation to *Kyles*, is irrelevant

to ground 1 as it is now presented. The lack of exhaustion of ground 1 is only in dispute

because, as described above, the claims regarding the change in Dr. Olson's testimony have

themselves changed. It first was a claim that the prosecution failed to disclose evidence about

Dr. Olson's testimony. It now is a claim that Dr. Olson failed to meet the standards for expert

testimony. In the middle, it was both, in the same section of the appellate brief. I reject Hill's

argument that the fair presentation of federal law regarding the failure-to-disclose claim covers

the expert-testimony claim simply because Hill blended the two claims together in his state

appellate brief. Ground 1 is not exhausted.

The respondents also argue that ground 1 is not exhausted because Hill has added to the claim beyond what he presented in state court. On appeal from the second trial, Hill argued that the trial court erred in admitting Dr. Olson's testimony because (1) it was not helpful to the jury, (2) it was not probative beyond the danger of confusion or prejudice, and (3) it was not reliable or trustworthy. In ground 1 of the amended federal petition, Hill argues that (1) Dr. Olson's testimony was the sole evidence to support premeditation, an element of first-degree murder, (2) Dr. Olson's testimony undermined the theory of self-defense, and (3) Dr. Olson's testimony undermined the burden of proving the elements of the crime. Hill's theory of defense was, at least in part, self-defense. A claim that Dr. Olson's testimony was prejudicial, as Hill argued in state court, necessarily is a claim that her testimony was evidence for premeditation and undermined his theory of self-defense. The argument was implicit in Hill's state-court brief. Ground 1 is not exhausted, but not because Hill added to what he alleged in state court.

### B.     Hill has exhausted grounds 3(B) and 3(C)

The respondents initially argued that grounds 3(B) and 3(C) are unexhausted. They have withdrawn those arguments. ECF No. 43, at 6.

### C.     Hill has not exhausted part of ground 5

The respondents argue that Hill has not exhausted part of ground 5. Ground 5 is a claim of prosecutorial misconduct. Hill alleges four instances of misconduct. First, the prosecutor argued to the jury that Martin might not have been dead when the police arrived, without any evidence in the record. Second, the prosecutor's argument to the jury mischaracterized Dr. Olson's testimony about the lack of agreement in the scientific community on the time in which strangulation causes death. Third, the prosecutor's argument to the jury appealed to the passions and prejudices of the jurors. Fourth, the prosecutor disparaged trial counsel on four different

occasions during the evidence phase of the trial. Hill raised the first three issues, regarding the prosecutor's argument to the jury, on direct appeal. Ex. 42, at 24-26 (ECF No. 28-1, at 32-34). Hill did not raise the fourth issue, the instances of the prosecutor disparaging defense counsel, on direct appeal. Hill argues that these instances of the prosecutor disparaging the defense counsel do not fundamentally alter the claim. I am not persuaded. Other than the prosecutor being involved, the facts of the disparagement claim are completely different from what Hill presented to the state courts. The claims that the prosecutor disparaged defense counsel are not exhausted.

### D. Hill has exhausted grounds 7(B) and 7(E)

Ground 7 contains five claims of ineffective assistance of trial counsel. The respondents argue that grounds 7(B) and 7(E) are not exhausted. Ground 7(B) is a claim that counsel failed to object to the hearsay testimony of Linda Jones, the sister of Robin Martin. Jones testified that Martin said that Martin intended to seek a protective order against Hill. Hill raised a failure-to-object claim in his supplemental state post-conviction habeas corpus petition, arguing that Jones' testimony suggested that he was violent, cast him in a negative light, and was evidence of a prior bad act. Ex. 46, at 9 (ECF No. 28-5, at 10). The respondents argue that in ground 7(B) Hill has added an argument that Jones' testimony undermined his theory of self-defense. This additional allegation does not render ground 7(B) unexhausted. Jones' testimony, and counsel's lack of objection to that testimony, are the operative facts. Adding an additional reason why the testimony was prejudicial does not fundamentally alter the claim.

Ground 7(E) is a claim that trial counsel failed to object to the four instances of the prosecutor disparaging the defense counsel, as noted above in the discussion of ground 5. Hill raised this failure-to-object claim in his supplemental state habeas corpus petition. Ex. 46, at 12-14 (ECF No. 28-5, at 13-15). In ground 7(E), Hill adds that the personal attacks prejudiced Hill

because the prosecutor was making the defense attorneys appear to be disrespectful and attempting to hide evidence from the jury. As with ground 7(B), this additional allegation does not render ground 7(E) unexhausted. The prosecutor's comments about testimony, and counsel's lack of objection to those comments, are the operative facts. Adding an additional reason why the comments were prejudicial does not fundamentally alter the claim.

## III.     Timeliness

The original proper-person petition (ECF No. 8), which the court received on January 17, 2017, is timely under 28 U.S.C. § 2244(d)(1).[3] Hill filed the first amended petition (ECF No. 21) on April 27, 2018, after the one-year period of § 2244(d)(1) expired. In order to be timely, the grounds in the first amended petition must relate back to the original petition. An amended habeas corpus petition "does not relate back (and thereby escape [28 U.S.C. § 2244(d)(1)'s] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). Relation back is allowed "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts . . . ." *Id*. at 664.

The respondents argue that grounds 1, 5, 7(B), and 7(E) are untimely in part. I will address grounds 1, 7(B), and 7(E) together but will ground 5 separately because it presents a different issue.

### A.     Grounds 1, 7(B), and 7(E) are timely

Hill's original proper-person petition (ECF No. 8) is an aggregate of state-court documents inside this court's habeas corpus petition form. Ground 1 of the original petition is a

---

[3] Hill does not state on the petition form when he delivered the petition to a prison officer for mailing. ECF No. 8, at 1. I cannot read the postmark on the copy of the envelope. ECF No. 8, at 142. But any difference in the date of effective filing of the original petition is irrelevant.

photocopy of the opening brief on direct appeal from the second trial. *Compare* ECF No. 8, at 11-31 *with* Ex. 42 (ECF No. 28-1). Ground 2 of the original petition is a photocopy of the proper-person state post-conviction habeas corpus petition. *Compare* ECF No. 8, at 33-63 *with* Ex. 45 (ECF No. 28-4). Ground 3 of the original petition is a photocopy of the supplemental state post-conviction habeas corpus petition. *Compare* ECF No. 8, at 68-78 *with* Ex. 46 (ECF No. 28-5).

The facts Hill presented in the original petition are the same as the facts he presented in state court. Consequently, the timeliness analyses of grounds 1, 7(B), and 7(E) of the first amended petition are the same as the exhaustion analyses for those grounds. The respondents argue that grounds 1, 7(B), and 7(E) are not timely because they contain allegations that Hill did not include in the original petition. As discussed above, the additional allegations in those grounds did not make them unexhausted, because those grounds still allege the same operative facts that Hill alleged in state court.[4] Likewise, the additional allegations in those grounds do not make them untimely, because those grounds still allege the same operative facts that Hill alleged in his original petition, which in turn are the operative facts that Hill alleged in state court. Grounds 1, 7(B), and 7(E) are timely.

**B.      Ground 5 is timely**

Ground 5 is more complicated. As noted above, the part of ground 5 that claims the prosecution disparaged defense counsel is not exhausted because Hill did not present those facts to the state courts in the context of a claim of prosecutorial misconduct. The respondents argue that this part of ground 5 is untimely because it does not share a common core of operative fact with the corresponding claim in ground 1 of the original petition. *See* ECF No. 8, at 26-28.

_____

[4] As discussed above, Hill has not exhausted ground 1 for a different reason.

However, Hill presented those facts to the state courts in the context of a claim of ineffective

assistance of counsel for not objecting to the disparaging remarks, in his supplemental state post-

conviction habeas corpus petition. Ex. 46, at 12-14 (ECF No. 28-5, at 13-15). Hill also presented

the same facts in ground 3 of his original petition, because that part of the original petition is a

photocopy of the supplemental state petition. ECF No. 8, at 75-77. Hill argues that because he

presented the same facts in ground 3 of the original petition as part of a claim of ineffective

assistance of counsel, the disparagement claims in ground 5 relate back to ground 3. ECF No. 38,

at 18-19 (citing *Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013)). The respondents then

argue that *Nguyen* conflicts with, and does not address, an earlier decision of the court of

appeals, *Schneider v. McDaniel*, 674 F.3d 1144 (9th Cir. 2012), and that under circuit rules the

earlier decision controls. ECF No. 43, at 8-9.

In *Schneider*, Schneider and co-defendant Lisa Dehmer bound, beat, robbed, and tortured

a person who had just bought methamphetamine from them. 674 F.3d at 1147.

> The state tried Schneider and Dehmer together. Immediately prior to trial, both
> Dehmer and Schneider moved to sever their trials. In his motion, Schneider
> argued that he would suffer prejudice by being tried with Dehmer because she
> planned to offer a coercion defense that would involve evidence [1] that
> Schneider beat Dehmer and [2] that he was part of the Aryan Brotherhood. The
> trial judge denied the motions.

*Id*. Dehmer testified consistent with her planned defense. *Id*. at 1147-48. Schneider's defense

was that Dehmer was coercing him. *Id*. at 1148. The jury found Schneider guilty of all charges

and Dehmer guilty of most charges.

In this court, *Schneider v. McDaniel*, 3:06-cv-00449-HDM-RAM, Schneider filed a

proper-person habeas corpus petition. The court appointed counsel, who filed an amended

petition. The court found that grounds 3, 4, 5, and 6 of the counseled amended petition did not

relate back to claims in the proper-person original petition.

The court of appeals affirmed. Amended ground 4 was a claim that appellate counsel failed to argue that the convictions on two counts were redundant, and Schneider did not present any such facts in his original petition. Amended ground 5 was a claim that Schneider's trial counsel failed to investigate his defense strategy, but the closest claim in the original petition was that trial counsel failed to investigate the defense strategy of the co-defendant, Lisa Dehmer. Amended ground 6 was a claim that Schneider's trial counsel failed to develop a defense of voluntary intoxication, but the closest claim in the original petition was that trial counsel failed to have Schneider evaluated for competency to stand trial and to develop a defense of inability to know right from wrong due to manic depression and schizophrenia. 674 F.3d at 1151-52. Because those facts did not appear in the original petition, amended grounds 4, 5, and 6 did not relate back and were untimely.

In *Schneider*, the one amended ground that might have shared facts with a ground in the original petition was amended ground 3. The court of appeals summarized the two claims:

> The facts underlying the original claim were: (1) trial counsel failed to investigate [co-defendant] Dehmer's trial strategy, (2) trial counsel failed to file a timely motion to sever, (3) trial counsel failed to file a timely motion to suppress testimony by Dehmer, and (4) Dehmer testified at Schneider's trial. The facts underlying the amended claim are different: (1) trial counsel brought a motion to sever on the second day of trial, (2) the trial court denied the motion, and (3) Dehmer testified at Schneider's trial. While both theories share one fact: that Dehmer testified at Schneider's trial, this is not sufficient to conclude that they arise out of a common core of operative facts.

*Schneider*, 674 F.3d at 1151 (9th Cir. 2012). Although the court of appeals said that Dehmer's trial testimony was a shared fact, the original petition and the amended petition focused on two different aspects of that testimony. As this court noted, in the original ground Hill alleged that the damaging part of Dehmer's testimony was that she mentioned that Schneider was a member of the Aryan Brotherhood. In the amended ground, Hill alleged that the damaging part of

Dehmer's testimony was that she claimed that Schneider was coercing her, while his defense was that she was coercing him. *Schneider v. McDaniel*, 3:06-cv-00449-KJD-RAM, ECF No. 70, at 22. Consequently, even with a common fact of Dehmer's testimony, the operative facts were different. Amended ground 3 in *Schneider* also did not relate back and was untimely.

In *Nguyen*, the petitioner was convicted of two felonies and one misdemeanor. The state trial court imposed a three-year sentence for the first felony, a concurrent "three-strikes" sentence of 25 years to life for the second felony, and a misdemeanor sentence that was not relevant to the case. The state court of appeal determined that the evidence was insufficient to support the conviction of the second felony and that Nguyen should have been convicted of a lesser-included misdemeanor for that count. On re-sentencing, the trial court changed the first felony's three-year concurrent sentence into a "three-strikes" sentence of 25 years to life. Nguyen had spent more than three years in prison by that time. On further appeal, he argued unsuccessfully that the sentence was grossly disproportionate under the Eighth Amendment. Nguyen then turned to federal court. He raised the Eighth Amendment claim and a claim that the re-sentencing violated the Double Jeopardy Clause of the Fifth Amendment. The double jeopardy claim was not exhausted. The federal district court stayed the habeas corpus proceedings to allow Nguyen to exhaust the double jeopardy claim. Nguyen filed a habeas corpus petition in the California Supreme Court, which found that the petition was untimely. Back in federal court, Nguyen filed an amended petition that raised the Eighth Amendment claim, the defaulted double jeopardy claim, and a new claim that appellate counsel provided ineffective assistance by not raising the double jeopardy claim on direct appeal. The federal district court held that the double jeopardy claim and the ineffective assistance claim were

procedurally defaulted.  The federal district court also held that the ineffective assistance claim

was untimely. *Nguyen v. Curry*, 736 F.3d 1287, 1290-91 (9th Cir. 2012).

The court of appeals emphasized that the rule of *Mayle v. Felix* requires a new claim to

share a common core of operative facts, not legal theories.  All three claims shared the same

operative facts: Nguyen had fully served the three-year sentence originally imposed when the

trial court re-sentenced him to 25 years to life.  Consequently, even though the ineffective-

assistance claim had a different legal theory--ineffective assistance instead of double jeopardy--

and even though the claim arose on direct appeal and not at sentencing, it related back. *Id*. at

1296-97.[5]

These two cases show that the operative facts, not the legal theories, determine whether a

new claim relates back to a timely claim in an earlier petition.  In Hill's case he alleges the same

instances of prosecutorial disparagement in ground 5 that he alleged in his original ground 3, a

claim of ineffective assistance of appellate counsel. *Compare* ECF No. 21, at 23-25, *with* ECF

No. 8, at 75-77.  Only the legal theory is different.  In these circumstances, *Schneider* is

inapplicable, and *Nguyen* is applicable.  The claims of the prosecutor disparaging defense

counsel in amended ground 5 relate back and are timely.

**IV.     Cognizable claims**

The respondents argue that grounds 1 and 3(B) are not cognizable in federal habeas

corpus because they involve state-court determinations of admissibility of evidence under state

law, and questions of state law are not reviewable in federal habeas corpus.  In both grounds, Hill

---

[5] *Nguyen* also held that the procedural default of the claim of ineffective assistance of appellate counsel could be excused under *Martinez v. Ryan*, 566 U.S. 1 (2012), and remanded for the district court to consider that issue.  The Supreme Court of the United States has since held that *Martinez* does not apply to procedurally defaulted claims of ineffective assistance of appellate counsel. *Davila v. Davis*, 137 S. Ct. 2058 (2017).

alleges that the admission of testimony made his trial fundamentally unfair under the Fourteenth Amendment. These are questions of merit, and I will wait until the parties have fully briefed the merits.[6]

**V.    Conclusion**

The first amended petition (ECF No. 21) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal. *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *Szeto v. Rushen*, 709 F.2d 1340, 1341 (9th Cir. 1983).

IT THEREFORE IS ORDERED that the respondents' motion to dismiss **(ECF No. 32) is GRANTED** in part. Ground 1 and the claims in ground 5 that the prosecutor disparaged defense counsel are unexhausted. In all other respects, the motion to dismiss is **DENIED** in part.

IT FURTHER IS ORDERED that Hill shall have 30 days from the entry of this order to file a motion for dismissal without prejudice of the entire petition, for partial dismissal of ground 1 and the claims in ground 5 that the prosecutor disparaged defense counsel, or for other appropriate relief. Within 10 days of filing such motion, Hill must file a signed declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel regarding his options, that he has read the motion, and that he has authorized that the relief sought therein be requested. Failure to comply with this order will result in the dismissal of this action.

Dated:  July 25, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[6] Hill must first decide what to do with ground 1, because it is not exhausted.

14